**EXHIBIT A**

09CI05805

| AOC-105  Doc. Code: CI  Rev. 1-07  06/5/2009 10:00 am  Page 1 of 1  Ver. 1.02  Commonwealth of Kentucky  Court of Justice   www.courts.ky.gov  CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. _____  Court ☑ Circuit ☐ District  County  Jefferson Circuit Court  JEFFERSON - DIVISION FIVE (5) |

**PLAINTIFF**

Jill                              Hasch
PO Box 221464

Louisville        Kentucky        40253

VS.

**DEFENDANT**

Red Robin International, Inc.
6312 S. Fiddler's Green Circle #200N

Greenwood Village        Colorado        80111

**Service of Process Agent for Defendant:**
~~CT Corporation System~~     Corporation Service Company
~~4169 Westport Road~~         2711 Centerville Rd
                               Suite 400
~~Louisville~~                 Wilmington         Kentucky     40207

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: JUN 5 - 2009, 2____      David L. Nicholson    Clerk
                                By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

CIVIL ACTION NO. 09CI05805     JEFFERSON CIRCUIT COURT

DIVISION JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)

JUDGE _____

Jill Hasch                                               **PLAINTIFF**
P.O. Box 221464
Louisville, Kentucky 40253

v.                        **COMPLAINT**

Red Robin International, Inc.                   **DEFENDANTS**
6312 S Fiddler's Green Circle #200N
Greenwood Village, Co 80111

     **SERVE:**     CT Corporation System
                             4169 Westport Road
                             Louisville, Ky 40207

And

Muhammad Kahn
5000 Shelbyville Rd.
Louisville, Ky 40020

     **SERVE:**     Muhammad Kahn
                             5000 Shelbyville Rd.
                             Louisville, Ky 40020

## I. INTRODUCTION

Comes the Plaintiff, Jill Hasch (hereinafter "Jill" or "Plaintiff"), and for her Complaint against the Defendant, Red Robin International (hereinafter "Red Robin or "Defendant") and Muhammad Kahn ("Kahn") (collectively "Defendants") states as follows:

## II. PARTIES, JURISDICTION AND VENUE

1.     Plaintiff is an individual residing in Louisville, Kentucky.

2. Defendant Red Robin is a Nevada company doing business in Louisville, Kentucky. Defendant Muhammad Kahn is a Kentucky.

3. Venue is proper in Jefferson County, Kentucky, pursuant to Kentucky Revised Statutes ("KRS"), Chapter 452 because the events that give rise to the causes of action in this case occurred in Jefferson County, Kentucky.

4. A case and controversy exists between the parties to this action and the amount in controversy exceeds the jurisdictional minimum of this Circuit Court.

### III. FACTS

5. Hasch is a former employee of Red Robin.

6. Hasch worked for Red Robin at its facility located in Louisville, Kentucky.

7. Hasch worked for Red Robin for approximately twenty-four (24) months.

8. During her employment with Red Robin, Hasch received favorable work performance reviews.

9. Hasch worked for Red Robin as a line cook trainer.

10. While employed by Red Robin, Hasch suffered an injury to her knee. Hasch's injury substantially limited her ability to work and perform major life activities.

11. Subsequent to Hasch's injury, Red Robin regarded and perceived Hasch as disabled.

12. In connection with treating his injury, Hasch's physician directed Hasch to make frequent doctor visits.

13. Following medical treatment for her injury, Hasch's physician released her to return to work with reasonable accommodations made for her disability.

14. Although Red Robin had accommodated other disabled employees, the Defendant failed and refused to reasonably accommodate Hasch.

15. Hasch complained about Red Robin's refusal to accommodate her disability.

16. Further during her employment on May 4, 2009, Hasch walked in on Kahn and a young female employee. The female employee was dressed in a bathing suit bikini top. Before Hasch was able to speak Kahn stated to Hasch "keep your mouth shut, do your work and go home."

17. Hasch complained to Red Robin officials and voiced her opposition to the inappropriate sexual display. Hasch also complained about Red Robins refusal to accommodate her disability. In retaliation for seeking accommodations and for complaining about inappropriate sexual displays the Defendants terminated Hasch's employment.

## IV. CLAIMS AND CAUSES OF ACTION

### A. KRS 344 DISCRIMINATORY AND UNLAWFUL DISCHARGE ON THE BASIS OF A DISABILITY OR A PERCEIVED DISABILITY

18. Hasch re-alleges all allegations contained in Paragraphs 1 through 17 above as if fully set forth herein.

19. The Defendant's actions constitute discriminatory and unlawful discharge on the basis of a disability, a "perceived" disability or a "regarded as" disability" in violation of Kentucky Revised Statutes, Chapter 344 § 010 *et. seq.* (hereinafter "KRS 344").

20. As a result of the Defendants' actions, Hasch has suffered damages recoverable under KRS 344.

### B. KRS 344 FAILURE TO ACCOMMODATE

21. Hasch re-alleges all allegations contained in Paragraphs 1 through 20 above as if fully set forth herein.

22. Hasch was a qualified individual with a disability under KRS 344.

23. The Defendant's actions constitute an unlawful failure to reasonably accommodate Hasch's disability under KRS 344.

3

24. As a result of the Defendant's actions, Hasch has suffered damages recoverable under KRS 344.

### C. PUBLIC POLICY WRONGFUL DISCHARGE

25. Hasch re-alleges all allegations contained in Paragraphs 1 through 24 above as if fully set forth herein.

26. The circumstances surrounding Hasch's separation from employment with the Defendant constitute an actionable wrongful discharge in violation of Kentucky public policy.

27. As a result of the Defendant's actions, Hasch has suffered damages recoverable under Kentucky common law.

### D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Hasch re-alleges all allegations contained in Paragraphs 1 through 27 above as if fully set forth herein.

29. The Defendant's actions constitute the tort of intentional infliction of emotional distress, also known as the tort of outrage.

30. As a result of the Defendant's actions, Hasch has suffered damages recoverable under Kentucky tort law.

### E. SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

31. Hasch re-alleges all allegations contained in Paragraphs 1 through 30 above as if fully set forth herein.

32. The Defendants' actions constitute sexual harassment and hostile work environment under the Kentucky Civil Rights Act, Chapter 344 *et. seq.* (hereinafter "KRS 344").

### F. RETALIATION

33. Hasch re-alleges all allegations contained in Paragraphs 1 through 32 above as if fully set forth herein.

34. Defendants' actions, as set forth above, constitute retaliation in violation of KRS 344.

### V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Hasch respectfully prays that she be awarded the following relief and all other relief to which she may be entitled:

A. Trial by jury;

B. Judgment against the Defendant on all claims asserted herein;

C. Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E. Punitive damages to punish and deter similar future unlawful conduct;

F. An award of statutory attorney fees, costs and expenses; and

G. Statutory interest on all damage awards, verdicts or judgments.

H. To any other relief to which she may be entitled.

THE SCHARFENBERGER LAW OFFICE

Kurt A. Scharfenberger
1600 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 561-0777 (phone)
(502) 584-0293 (fax)
Kurt@scharfenberger-law.com

*Attorney for the Plaintiff Jill Hasch*